**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50399 |
| Plaintiff-Appellee, | D.C. No.<br>2:13-cr-00676-BRO-1 |
| v. | |
| NNA ALPHA ONUOHA, AKA Naa<br>Alpha Onuoha, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted February 24, 2017[**]
San Francisco, California

Before:  GOULD and BERZON, Circuit Judges, and STEEH,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Defendant-Appellant Nna Onuoha appeals the district court's order granting the Government's request to involuntarily administer psychotropic medication under *Sell v. United States*, 539 U.S. 166 (2003). This is Onuoha's second appeal of an order by the district court permitting involuntary medication. In the first appeal, we vacated the district court's order and remanded on an open record. *See United States v. Onuoha*, 820 F.3d 1049, 1060 (9th Cir. 2016). We held that the first *Sell* factor—whether important governmental interests are at stake in prosecuting the defendant for the charged offense—was satisfied, but that the fourth *Sell* factor—whether the proposed treatment plan was in the patient's best medical interests in light of his medical condition—was not satisfied. *See id.* at 1054. On remand, the district court held a hearing and again granted the Government's *Sell* motion. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

Onuoha challenges the district court's second *Sell* order only as to the first factor. Whether this factor is met is primarily a legal question, so we review it de novo. *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 693 (9th Cir. 2010). Onuoha contends that while his offense was "serious" enough to support an important governmental interest in prosecution, his offense's Sentencing Guidelines range of 27 to 33 months makes it less serious than other "serious" offenses that can satisfy

the first *Sell* factor. We recognized in our prior opinion that 27 to 33 months "is lower than any range we have previously held to be indicative of a 'serious' crime under the first *Sell* factor." *Onuoha*, 820 F.3d at 1055. But we also made clear that "the Guidelines range is only the starting point in determining whether the government has an important interest in prosecution." *Id.* We placed heavy emphasis on the fact that Onuoha's actions were reasonably perceived as threats of terrorism, and that they necessitated a significant security response. *See id.* These considerations outweighed the relatively low Guidelines range. *See id.* at 1055–56. Onuoha has not persuaded us that we should consider these interests differently now.

Onuoha next argues that the time he has spent in custody since his arrest mitigates the Government's interest in prosecution. It is true that Onuoha has been in federal custody since September 11, 2013. At the time of our earlier decision, Onuoha had served longer than the minimum Guidelines range of 27 months. *Id.* at 1056. He has now served above the Guidelines maximum of 33 months. But even if Onuoha's additional time in custody tends to lessen the Government's interest in prosecution, *see Sell*, 539 U.S. at 180, nonetheless it does not nullify that important interest. As explained in our earlier opinion, the Government's interest in obtaining a conviction extends not only to incapacitating Onuoha, but also to

deterring others from making similar threats. *Onuoha*, 820 F.3d at 1056–57. This interest in general deterrence holds firm regardless of the length of Onuoha's pretrial detention. We note that generally deterring others from making threats of violence related to the nation's transportation infrastructure remains an important goal for society.

There is a separate reason beyond gaining conviction and deterring others for concluding that important governmental interests are at stake. With a conviction comes the possibility of supervised release, which may be critical to preventing Onuoha from making similar threats in the future. *See id.* at 1056. Prosecuting Onuoha thus benefits not only society but possibly Onuoha himself, who without supervision may become embroiled in another such controversy.

Finally, Onuoha asserts that the Government's interest in prosecution is mitigated because his offense was a product of his mental illness. There is support in the record for the notion that Onuoha's threats were driven, at least in part, by mental illness. And "the fact that a defendant's mental disorder contributed to his offense may weaken the government's interest in prosecuting him." *United States v. Gillenwater*, 749 F.3d 1094, 1102 (9th Cir. 2014). However, in certain cases, "the link between [a defendant's] mental disorder and his charged crimes makes his prosecution all the more important." *Id.* That appears to be the case here,

where absent prosecution and treatment, there is a risk Onuoha may repeat similar threats in the future.

We conclude that the district court did not err in holding that the Government met its burden on the first *Sell* factor.

**AFFIRMED.**